IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, v. LAFAYETTE COLLEGE Defendant. | CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex, female, and constructive discharge, and to provide appropriate relief to Charging Parties Carla Ascani, Shaun Gable, Janet Knauss, Pamela Pels, Catherine Snyder and a class of similarly affected female employees (collectively referred to as the "class") who were adversely affected by such practices. As set forth in more detail below, the Commission alleges the class was unlawfully and repeatedly subjected to a sexually hostile work environment which consisted of intimidating and offensive behavior from a male superior, and that the work environment was so intolerable, Charging Party Janet Knauss was constructively discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant Employer, Lafayette College, has continuously been and is now a non for profit Corporation doing business in the State of Pennsylvania at Easton, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties Carla Ascani, Shaun Gable, Janet Knauss, Pamela Pels and Catherine Snyder filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 30, 2006, Defendant Employer has engaged in unlawful employment practices at its Easton, Pennsylvania campus in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by allowing Barry Stauffer to subject the class to a sexually hostile work environment and forcing Janet Knauss' constructive discharge. The unlawful

employment practices include, but are not limited to, the following:

(a) Physically grabbing class members' breast and buttocks, looking inside their shirts, forcibly attempting to kiss them in the mouth, rubbing their shoulders, rubbing against them in a sexual manner and unsnapping their bras;

(b) Referring to class members breasts as "cute little puppies" or "big puppies"; asking to see class members breasts and nipples, asking if they gave "blow jobs", "swallowed" or liked to be "eaten out"; referring to class members as "cunts"; asking class members to engage in threesomes, threatening to grope class members, telling them they need to get "laid", sending them sexually explicit materials and pornography by e-mail.

(c) Despite class members complaints to Defendant about the unlawful conduct, Defendant failed to take prompt, effective remedial measures to address the harassment.

8. The effect of the practices complained of in paragraph 7 above, has been to deprive Charging Parties Carla Ascani, Shaun Gable, Janet Knauss, Pamela Pels, Catherine Snyder and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

9. The unlawful employment practices complained of in paragraph 7 above, were intentional.

10. The unlawful employment practices complained of in paragraph 7 above, were done with malice or with reckless indifference to the federally protected rights of Charging Parties Carla Ascani, Shaun Gable, Janet Knauss, Pamela Pels, Catherine Snyder and a class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex or retaliation.

B.      Order Defendant Employer to institute and carry out policies and practices which effectively prohibit sexual harassment and retaliation in the work place, and which eradicate the effects of its past and present unlawful employment practices

C.      Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment, and anti-retaliation policies and complaint procedures.

D.      Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E.      Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F.      Order Defendant Employer to make the class whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make the class whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to out-of-pocket losses in amounts to be determined at trial.

H. Order Defendant Employer to make the class whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to pain and suffering, humiliation, loss of life's pleasures, depression, anxiety, stress, panic, and other physical, psychological, and emotional symptoms and conditions, in amounts to be determined at trial.

I. Order Defendant Employer to pay the class punitive damages for its malicious and reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

*/s/ Jacqueline H. McNair*
Jacqueline H. McNair
Regional Attorney

*/s/ Terrence R. Cook*
Terrence R. Cook
Supervisory Trial Attorney

*/s/ Marisol Ramos*
Marisol Ramos
Trial Attorney
U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
215.440.2683
PR ID No. 13173