IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION,                                :
                                           :    Civil Action
                    Plaintiff,             :     No. 08-CV-04709-TMG
                                           :
            and                            :
                                           :
SHAUN GABLE and JANET KNAUSS               :
CARLA ASCANI, PAMELA PELS and              :
CATHERINE SNYDER,                          :
                    Plaintiff-Intervenors, :
                                           :    JURY TRIAL DEMANDED
            vs.                            :
LAFAYETTE COLLEGE                          :
BARRY STAUFFER, HUGH HARRIS,               :
DIANA BUCHOK, JIM MEYER and                :
LISA REX                                   :
                    Defendants             :

**<u>DEFENDANT, BARRY STAUFFER'S ANSWER TO AMENDED INTERVENOR
COMPLAINT OF CARLA ASCANI, PAMELA PELS AND CATHERINE
SNYDER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS</u>**

I. **<u>PRELIMINARY STATEMENT</u>**

        This paragraph contains conclusions of law to which no answer is required.  To

the extent that an answer is required, the averments are denied and strict proof thereof is

demanded at the time of trial.  Further to the extent that any of the allegations contained

in this Complaint accuse or suggest that Answering Defendant engaged in criminal

activity, then Answering Defendant asserts herein all of the protections afforded to him

under the Fifth Amendment to the United States Constitution. Without waiving, and expressly reserving those rights, Answering Defendant replies as follows:

## II. <u>JURISDICTION AND VENUE</u>

1.      This paragraph contains a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

2.      This paragraph contains a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

3.      This paragraph contains a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

4.      This paragraph contains a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

5.      This paragraph contains a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

6.      This paragraph contains a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

III. **PARTIES**

      7.      Admitted.

      8.      After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

      9.      After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

      10.      After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

      11.      After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

      12.      After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

      13.      After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

14.	After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

15.	This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

16.	After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

17.	Admitted.

18.	After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

19.	After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

20.	After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

21.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

IV.  **COMMON FACTS AND ALLEGATIONS**

**AS TO PLAINTIFF CARLA ASCANI**

22.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

23.     These paragraphs contain legal conclusions to which no responsive pleading is required.  To the extent that an answer is required, the averments are denied and strict proof thereof is demanded at that time of trial.

24.     To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

25.     To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

26.     To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

27.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

28.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

29.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

30.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

31.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

32.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

33.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

34.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

35.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

36.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

## AS TO PLAINTIFF, PAMELA PELS

37.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

38.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

39.     To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

40.     To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

41.     To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

42.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

43.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

44.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

45.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

47.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

53. [SIC].  This paragraph contains a conclusion of law to which no answer is required.  To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the  Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

54.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

55.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

56.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

57.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

58.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

59.     This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

## AS TO PLAINTIFF, CATHERINE SNYDER

60.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

61.     After reasonable investigation, answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

62.     To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

63.     To the extent that the averments contained in this paragraph accuse or suggest that answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

64.     To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

65.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

66.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

67.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

68.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

69.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

70.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

71.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

72.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

73.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

74.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

75.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

76.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

77.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

78.     After reasonable investigation, Answering Defendant is unable to admit or deny the allegations contained in this paragraph and the same are therefore denied and strict proof is demanded at the time of trial.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE 7 OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

**CARLA ASCANI, PAMELA PELS, and CATHERINE SNYDER,**
**Plaintiff –Intervenors,**
**v.**
**LAFAYETTE COLLEGE,**
**Defendant**

79.     No response required.

80-81. (Inclusively). These paragraphs contain allegations against Defendants other than Answering Defendant and therefore no responsive pleading is required.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

### COUNT II

### RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

**CARLA ASCANI, PAMELA PELS and CATHERINE SNYDER,**
**Plaintiff-Intervenors,**
**v.**
**LAFAYETTE COLLEGE**
**Defendant**

82.     No responsive pleading required.

83-85. (Inclusively). These paragraphs contain averments against a Defendant other than Answering Defendant and therefore no responsive pleading is required.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

## COUNT III
## NEGLIGENCE UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

**CARLA ASCANI, PAMELA PELS, and CATHERINE SNYDER,**
**Plaintiff-Intervenors**
**v.**
**LAFAYETTE COLLEGE**
**Defendant**

86.     No response required.

87-88. (Inclusively).  These paragraphs contain averments against a Defendant other than Answering Defendant and therefore no responsive pleading is required.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.


## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa.C.S.§951 et.seq.

**CARLA ASCANI, PAMELA PELS and CATHERINE SNYDER,**
**Plaintiff-Intervenors**
**v.**
**LAFAYETTE COLLEGE**
**Defendant**

89**.**     No response required.

90. – 92. (inclusively).  These paragraphs contain averments against a Defendant other than Answering Defendant and therefore no responsive pleading is required.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

## COUNT V

## RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa.C.S.A.§ 951 et.seq.

**CARLA ASCANI, PAMELA PELS, and CATHERINE SNYDER,**
**Plaintiff-Intervenors**
v.
**LAFAYETTE COLLEGE, BARRY STAUFFER, DIANA BUCHOK, HUGH HARRIS, JAMES MEYER and LISA REX**
**Defendants**

93.     No response required.

94-96. (Inclusively) This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

## COUNT VI
## AIDING AND ABETTING UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT,

**CARLA ASCANI, PAMELA PELS, and CATHERINE SNYDER,**
**Plaintiff-Intervenors**
v.
**BARRY STAUFFER, DIANA BUCHOK,HUGH HARRIS,**
**JAMES MEYER and LISA REX,**
**Defendants**

97.     No response required.

98-101. (Inclusively). This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

## COUNT VII
## FALSE IMPRISONMENT

**CARLA ASCANI, PAMELA PELS, and CATHERINE SNYDER,**
**Plaintiff-Intervenors,**
**v.**
**LAFAYETTE COLLEGE and BARRY STAUFFER,**
**Defendants**

102.    No response required.

103-108. (Inclusively).  This paragraph contains a conclusion of law to which no answer is required.  To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

## COUNT VIII
## ASSAULT

**CARLA ASCANI, PAMELA PELS, and CATHERINE SNYDER,**
**Plaintiff-Intervenors,**
**v.**
**LAFAYETTE COLLEGE and BARRY STAUFFER,**
**Defendants**

109.    No response required.

110-115. (Inclusively).  This paragraph contains a conclusion of law to which no answer is required.  To the extent that the averments contained in this paragraph  accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

## COUNT IX
## BATTERY

**CARLA ASCANI, PAMELA PELS, and CATHERINE SNYDER,**
**Plaintiff-Intervenors,**
**v.**
**LAFAYETTE COLLEGE and BARRY STAUFFER,**
**Defendants**

116.    No response required.

117-119. (Inclusively). This paragraph contains a conclusion of law to which no answer is required.  To the extent that an answer is required, the averment is denied and strict proof is demanded at the time of trial.   To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**CARLA ASCANI, PAMELA PELS, and CATHERINE SNYDER,**
**Plaintiff-Intervenors**
**v.**
**LAFAYETE COLLEGE, BARRY STAUFFER, DIANA BUCHOK,HUGH HARRIS, JAMES MEYER and LISA REX,**
**Defendants**

120.    No response required.

121-124.(Inclusively).  This paragraph contains a conclusion of law to which no answer is required.  To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

WHEREFORE, Defendant requests that this Honorable Court enter judgment in his favor and against Plaintiff Intervenors.

## STATEMENT OF FACTS
## JUSTIFYING THE IMPOSITION OF PUNITIVE DAMAGES

125.    No response required.

126-131. (Inconclusively).  This paragraph contains a conclusion of law to which no answer is required.  To the extent that the averments contained in this paragraph accuse or suggest that Answering Defendant engaged in criminal activity, Answering Defendant asserts herein all of the protections that are afforded to him under the Fifth Amendment to the United States Constitution and declines to answer the averments contained in this paragraph.

VI.  **PRAYER FOR RELIEF**

132.    No response required.

WHEREFORE, the Defendant demands judgment in his favor and against Plaintiff Intervenors.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs Intervenors have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff Intervenors' claims are barred by the applicable statute of limitations

## THIRD AFFIRMATIVE DEFENSE

Plaintiff Intervenors' claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff Intervenors' claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff Intervenors' claims are barred by the doctrine of latches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff Intervenors' claims are barred by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's actions or inactions were not the proximate legal or substantial cause of any damage injury or loss suffered by the Plaintiff Intervenors the existence of which is denied.

## EIGHTH AFFIRMATIVE DEFENSE

No act or failure on the part of Answering Defendant violated any of Plaintiff Intervenors' legal rights.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff Intervenors assumed the risk of their conduct.

## TENTH AFFIRMATIVE DEFENSE

To the extent that any member of the Plaintiff Intervenors alleges that she sustained any economic damages, any such claim is barred in whole or in part to the extent that she has failed to properly mitigate any damages that she may have sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that any Plaintiff Intervenor alleges that she sustained any economic damages, any such claim is barred to the extent of her interim earnings, compensation, and benefits, or amounts earnable by her with reasonable diligence.

## TWELTH AFFIRMATIVE DEFENSE

To the extent that any Plaintiff Intervenor is claiming loss of any monies or benefits as a result of any loss of employment or work, any monies or benefits received after the termination or loss of work will reduce any recovery or will constitute a set off against recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any and all claims for putative damages on behalf of any Plaintiff Intervenor are barred, and an award of such damages would not be recoverable, to the extent that the amount of any such award would exceed the amount of any award for compensatory damages to any Plaintiff Intervenor.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any and all claims for punitive damages are barred because such claims do not meet the requirement of malice or reckless indifference to any federally protective right of any members of the alleged class and do not otherwise meet the requirements of outrageousness, maliciousness or recklessness that would support an award of punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any and all claims for all compensatory and/or punitive damages on behalf of the Plaintiff Intervenors are subject to the monetary limitations on such claims under the provisions of the Civil Rights Act of 1991.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all claims for punitive damages on behalf of the member of the Plaintiff Intervenors are barred to the extent that the award of such damages would violate the provisions of the Constitution of the United States or the Constitution of Pennsylvania.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any and all claims that may be stated in the complaint for damages on behalf of Plaintiff Intervenors resulting from pain and suffering, humiliation, loss of life's pleasures, depression, anxiety, stress, panic, and other physical, psychological and emotional symptoms and conditions are barred, and the court lacks jurisdiction, to the extent that such claim is covered by the applicable workers' compensation statute.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any claim that may be stated in the complaint is barred, and the Court lacks jurisdiction over any such claim, to the extent that there has been a failure to exhaust administrative remedies or to comply with the conditions precedent into the filing of this action.  The claims alleged in this lawsuit are barred in whole or in part because of the unclean hands of some of the Plaintiff Intervenors.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims alleged in the lawsuit are barred in whole or in part because of the contributory negligence of the Plaintiff Intervenors.

## CROSS-CLAIM

## BARRY STAUFFER VS. LAFAYETTE COLLEGE, DIANA BUCHOK, HUGH HARRIS, JAMES MEYER AND LISA REX

Answering Defendant, Barry Stauffer, by way of cross-claim against co-defendants, Lafayette College, Diana Buchok, Hugh Harris, James Meyer and Lisa Rex, respectfully alleges that if Answering Defendant, Barry Stauffer, is adjudicated to be jointly liable with any or all of his co-defendants upon the trial of this matter, then answering Defendant, Barry Stauffer, shall be entitled to contribution and/or indemnification in accordance with applicable law from co-defendants Lafayette College, Barry Stauffer, Diana Buchok, Hugh Harris, James Meyer and Lisa Rex.

/s/ Jennifer R. Sletvold
JENNIFER R. SLETVOLD, ESQUIRE
Lauer, Paglianite & Sletvold P.C.
701 Washington Street
Easton, PA 18042
(610) 258-5329
Attorney I.D. 80885
*Attorney for Defendant, Barry Stauffer*

<u>**CERTIFICATE OF SERVICE**</u>

I, Jennifer Sletvold, Esq. hereby certify that I served the Answer of Defendant, Barry Stauffer, to Amended Complaint with Affirmative Defenses and Cross-Claims by electronic filing upon the following:

Terrence R. Cook, Esquire
U.S. Equal Employment
Opportunity Commission
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107

Marisol Ramos, Esquire
Equal Employment
Opportunity Commission
21 South 5th Street
Suite 400
Philadelphia, PA 19106 -2515

David Deratzian, Esquire
George Kounoupis, Esquire
Hahalis & Kounoupis, P.C.
20 East Broad Street
Bethlehem, PA 18018

Blake W. Rush, Esquire
James L. Pfeiffer, Esquire
Pfeiffer, Bruno, Minotti & DeEsch
44 North Second Street
Easton, PA 18042

Kristen E. Di Maria, Esquire
Barry Simon, Esquire
Ogletree Deakins Nash Smoak & Stewart P.C.
1600 Market Street
Suite 2020
Philadelphia, PA 19103-7218

/s/Jennifer R. Sletvold
Jennifer R. Sletvold, Esquire

Date: 9/8/09